1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

9

| | |
|---|---|
| 10  MAXLITE, INC., a New Jersey<br>11  Corporation,<br>12        Plaintiff,<br>13    vs.<br>14  ATG ELECTRONICS, INC. and<br>     DAVID WYATT,<br>15<br>16        Defendants. | Case No. 8:20-cv-01056-MCS-ADS<br><br>**STIPULATED AMENDMENT TO PROTECTIVE ORDER**<br><br>Complaint filed: June 11, 2020<br><br>Counterclaims filed: August 18, 2020 and June 3, 2021 |
| 17  DAVID WYATT,<br>18        Counter-Claimant,<br>19    vs.<br>20  MAXLITE, INC., a New Jersey<br>     Corporation,<br>21<br>22        Counter-Defendant. | |
| 23  ATG ELECTRONICS, INC.<br>24        Counter-Claimant,<br>25    vs.<br>26  MAXLITE, INC., a New Jersey<br>     Corporation,<br>27<br>28        Counter-Defendant. | |

Having considered the Stipulation to Amend Protective Order submitted on behalf of all parties and good cause appearing, the Court hereby amends the Stipulated Protective Order for Standard Litigation entered by the Court on September 8, 2020 (the "Order," Doc. No. 28) to add additional paragraphs 14.1-14.3 below as follows:

14.     ATTORNEYS' EYES ONLY DESIGNATION

14.1. Any party to this litigation shall have the right to designate as "ATTORNEYS' EYES ONLY" under this Order any information, document, or thing, or any portion thereof that contains only highly sensitive competitive business information, this information is defined as: information subject to non-disclosure agreements with third-parties, nonpublic customer lists, nonpublic supplier lists, nonpublic pricing information, financial information, sales and revenue information, communications with customers, vendors, distributors or other third-parties containing nonpublic product and/or sales information, requests, projections, and specific business development and/or relationship information which is not publicly available and the disclosure of which is highly likely to cause significant harm to the business or competitive position of the designating party. However, any and all information that is readily accessible on the parties' websites or any third-party website, publicly circulated newsletter, publication, or any information accessible at tradeshows, including but not limited to, the information covered in the defined terms above shall not be marked ATTORNEYS' EYES ONLY. Any party to this litigation who produces or discloses any ATTORNEYS' EYES ONLY material under this Order, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER."

14.2. Material designated as ATTORNEYS' EYES ONLY under this Order may be disclosed only to outside counsel for the receiving party, experts retained by

any party for this litigation only, or the Court and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

      14.3. Material designated as ATTORNEYS' EYES ONLY constitutes Protected Material under Section 2.13 of the Order and shall be subject to the same provisions applicable to CONFIDENTIAL information under the Order, except for Section 7.2.

      IT IS SO ORDERED.

Dated:   July 21, 2021          /s/ Autumn D. Spaeth
                                          Autumn D. Spaeth
                                          United States Magistrate Judge