UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **8:20-cv-01056-MCS-ADS** | Date | October 24, 2022 |
| Title | ***MaxLite, Inc. v. ATG Elecs., Inc.*** | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER RE: STIPULATIONS (ECF NOS. 195–96)**

After a settlement, the parties to this action filed a stipulation and joint motion to withdraw *Daubert* motions they filed and to vacate the Court's order thereon. (*Daubert* Stip., ECF No. 195.) The Court understands that the parties intend to avoid expending time and resources filing revised applications to seal certain materials filed in connection with the *Daubert* motions pursuant to a court order. (*Id.* ¶ 3; *see* Order 18, ECF No. 190 (denying applications to seal documents relating to *Daubert* motions).) On this basis, the Court grants the parties' motion to withdraw the *Daubert* motions. On its own motion, the Court vacates the portions of its August 7, 2022 order relating to the withdrawn motions pursuant to Federal Rule of Civil Procedure 54(b). The documents proposed to be sealed in connection with the denied sealing applications will remain inaccessible to the public. The Court reserves discretion to revisit this decision and require submission of revised sealing applications upon a request by a member of the public to view the documents proposed to be sealed or redacted versions thereof.

The parties also stipulated to dismiss the action with prejudice. (Dismissal Stip., ECF No. 196.) The stipulation is effective without a court order. Fed. R. Civ. P. 41(a)(1)(A)(ii); *see Com. Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d

1074, 1078 (9th Cir. 1999) ("[A] dismissal under Rule 41(a)(1) is effective on filing, [and] no court order is required . . . .").

The parties ask the Court to retain jurisdiction for settlement enforcement purposes. (Dismissal Stip. 3.) Federal courts have no inherent power to enforce settlement agreements after dismissal. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). "[E]nforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id.* at 382. However, a court may enter an order of dismissal expressly retaining jurisdiction to enforce a settlement as a condition of dismissal. *Id.* at 381–82. The parties present no reason for the Court to retain jurisdiction, and they have not filed the settlement agreement the Court would be tasked with enforcing. For these reasons, the Court declines to exercise its discretion to retain jurisdiction. *See Ogbuehi v. Comcast of Cal./Colo./Fla./Or., Inc.*, 303 F.R.D. 337, 351 (E.D. Cal. 2014) (observing that courts have discretion to decline jurisdiction to enforce a settlement).

**IT IS SO ORDERED.**